UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
MIDDLE DIVISION

| | |
|---|---|
| **CINDY LOUISE HYCHE DUNN,** | } |
| Petitioner, | } |
| v. | } Case No.: 4:24-cv-08009-RDP |
| | } 4:18-cr-00376-RDP-SGC-1 |
| **UNITED STATES OF AMERICA,** | } |
| Respondent. | } |

## MEMORANDUM OPINION

Before the court is Petitioner's Motion to Vacate, Set Aside, or Correct Sentence under 28 U.S.C. § 2255. (Doc. # 2, Cr. Doc. # 179).[1] The motion has been fully briefed. (Docs. # 2, 9).[2] After careful review, and for the reasons discussed below, the motion is due to be denied.

**I.    Background**

In August 2018, a grand-jury returned a 21-count indictment against Cindy Louise Hyche Dunn ("Dunn"), John Ladd Buckingham, and Thomas Mason Dunn, who were allegedly conspiring to operate a "pill mill." (Cr. Doc. # 1). On February 12, 2019, Dunn signed a plea agreement[3] and pled guilty to the following counts: Count One, conspiracy to unlawfully distribute or dispense schedule II-controlled substances by means of prescription, in violation of 21 U.S.C.

---

[1] The court refers to the documents filed in Dunn's underlying criminal case (4:18-cr-00376-RDP-SGC-1) as (Cr. Doc. #). Documents cited as (Doc. #) refer to documents filed in the present matter.

[2] Petitioner was mailed a copy of the Government's Response to her Motion to Vacate, and failed to file a Reply.

[3] Dunn signed the plea agreement on February 12, 2019 but the Government's acknowledgment was not signed until March 6, 2019.

§ 846 and Count Twenty, conspiracy to commit money laundering in violation of 18 U.S.C. § 1956(h). (Cr. Doc. # 61).

Dunn's Plea Agreement included a detailed factual basis, which listed the evidence supporting each element of the two charges to which she pled guilty. (Cr. Doc. # 61 at 4-16). At the end of the factual basis section, Dunn acknowledged that the facts as listed were substantially correct and they would be used in calculating her sentence. (*Id.* at 16).

Dunn's Plea Agreement listed the consequences of her accepting the Agreement. Specifically, the Plea Agreement explicitly stated that Dunn would "waive and give up [her] right to appeal [her] conviction and/or sentence in this case," including "a motion brought under 28 U.S.C. § 2255." (*Id.* at 17-18). There were only three exceptions to her waiver. She reserved the right to contest:

1. Any sentence imposed in excess of the applicable statutory maximum sentence(s);

2. Any sentence imposed in excess of the guideline sentencing range determined by the court at the time the sentence is imposed; and

3. Ineffective assistance of counsel.

(*Id.* at 18). The Plea Agreement also disclosed the maximum penalties for the two counts charged. (*Id.* at 2-4). Dunn initialed at the bottom of each page of the Plea Agreement and signed it. (*See generally id.*).

Dunn also signed a Guilty Plea Advice of Rights Certification in which she certified that she knew she would be asked by the court if she was taking the plea knowingly and voluntarily, and whether she understood the terms of her plea agreement. (Cr. Doc. # 63 at 2). At her change of plea hearing, the court asked whether she understood that by signing the agreement and entering her plea that she was waiving some, if not all, of her rights to appeal her conviction in the criminal

case. (Docs. # 9 at 4; 9-1 at 6). She answered in the affirmative. (*Id.*). The court further questioned her as follows: "In fact, that waiver will apply and you will waive those rights, unless one of the exceptions provided for on page 18 [of the Plea Agreement] comes into play; do you understand that?" (*Id.*). Dunn again answered in the affirmative. (*Id.*).

On November 18, 2019, Defendant was sentenced to 120 months imprisonment as to Count 1 and 120 months as to Count 20, each custodial term to be served concurrently. (Cr. Doc. # 114).

On April 4, 2023, Dunn filed a Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2241. (Doc. # 2). Judge Maze of this court notified Dunn that her motion was being considered as a motion to vacate, set aside, or correct her sentence under 28 U.S.C. § 2255. (Doc. # 1 at 1). The Clerk of the Court thereafter opened a new § 2255 matter. (Doc. # 2).

## II.     Standard of Review

Title 28 U.S.C. § 2255 authorizes federal prisoners to move in the court of conviction to vacate, set aside, or correct their sentence on the ground that the sentence was imposed in violation of the Constitution or the laws of the United States. See 28 U.S.C. § 2255(a). A § 2255 motion is subject to heightened pleading requirements which mandate that the motion must specify all the grounds of relief and state the facts supporting each ground. *See* Rules 2(b)(1) & (2), Rules Governing § 2255 Proceedings; see also *McFarland v. Scott*, 512 U.S. 849, 856 (1994). When a § 2255 motion is filed, it is subject to preliminary review, at which time the court is authorized to summarily dismiss the motion "[i]f it plainly appears from the motion, any attached exhibits, and the record of the prior proceedings that the moving party is not entitled to relief." Rule 4(b), Rules Governing § 2255 Proceedings. A § 2255 movant is not entitled to a hearing or post-conviction relief when his motion fails to state a cognizable claim or contains only conclusory allegations unsupported by specifics or contentions that in the face of the record are wholly incredible. *See*

*Lynn v. United States*, 365 F.3d 1225, 1239 (11th Cir. 2004); *Caderno v. United States*, 256 F.3d 1213, 1217 (11th Cir. 2001).

**III.    Discussion**

In her petition, Dunn does not challenge her conviction under Count 20. She instead argues that her conviction under Count 1 should be set aside based on new Supreme Court precedent in *Ruan v. United States*, 597 U.S. 450 (2022) ("*Ruan II*"). Specifically, Dunn asserts that the Supreme Court "deemed 841(a)…to be in error for the mens rea was not adequately conveyed." (Doc. # 2 at 3).

However, Dunn cannot challenge her conviction on these grounds because she waived her right to do so in the Plea Agreement. (Cr. Doc. # 61 at 17-18). A waiver provision is enforceable if the waiver was made knowingly and voluntarily. *See United States v. Bascomb*, 451 F.3d 1292, 1294 (11th Cir. 2006); *United States v. Bushert*, 997 F.2d 1343, 1350-51 (11th Cir. 1993). In this circuit, such waivers are consistently enforced according to their terms. *See Bascomb*, 451 F.3d at 1294 (collecting cases). To enforce such a waiver, the government must demonstrate either that (1) the court specifically questioned the defendant about the waiver during the change of plea colloquy, or (2) the record shows that the defendant otherwise understood the full significance of the waiver. *Bushert*, 997 F.2d at 1351. Both of those elements are met here. Moreover, Dunn does not raise any challenge to the validity of her plea or the waiver in her Plea Agreement.

Nor has Dunn addressed the waiver of rights in her petition and she has not filed a reply to the Government's response. Her challenge to her conviction is based on a legal argument about the underlying charge, not an excessive sentence or ineffective assistance of counsel as allowed for by the exceptions to the waiver . This is precisely the type of post-conviction challenge barred by the waiver language in her plea agreement.

4

Even if Dunn's challenge were not barred, her argument fails on the merits. The Supreme Court's decision in *Ruan* relates to the requisite mens rea for a violation of 21 U.S.C. § 841(a). The Supreme Court held that to prove a § 841(a) violation, the Government must show both that the defendant distributed or dispensed the controlled substance and that the defendant knew the distribution or dispensing was unauthorized. *Ruan II*, 597 U.S. at 467. On remand, the Eleventh Circuit vacated the defendants' substantive drug convictions, but simultaneously held that the Supreme Court's decision had no impact on the conspiracy charges asserted against the defendants. *United States v. Ruan*, 56 F.4th 1291, 1299 (11th Cir. 2023) ("*Ruan III*"), cert. denied sub nom. *Xiulu Ruan & John Patrick Couch v. United States*, 144 S. Ct. 377 (2023) (holding that the jury instructions for the conspiracy charges were adequate because they required the jury to determine whether the defendant acted with subjective knowledge).

Petitioner pled guilty to a violation of 21 U.S.C. § 846, which is a conspiracy charge, *not* a substantive offense under § 841. The following exchange took place at the change of plea hearing:

> The court: Before you could be found guilty of this charge, the government would have to prove to a jury beyond a reasonable doubt the following facts: First, that two or more persons in some way or manner agree to try to accomplish a shared and unlawful plan. Second, that you knew the unlawful purpose of [the] plan and willfully joined into it. And third, that the object in the unlawful plan was to distribute and dispense and cause[] to be distributed and dispensed schedule-II controlled substances by means of prescriptions, and those prescriptions were outside the usual course of professional practice and without any legitimate medical purpose. Do you understand the charge I've just explained to you?
>
> Dunn: Yes, sir.

(Doc. # 9-1 at 4-5). In this exchange, the court explained to Dunn that the government would have to prove that she knew the plan was unlawful. Therefore, the court properly conveyed the requisite

5

mens rea for a conspiracy charge – subjective knowledge that the plan was unlawful. *See Ruan III*, 56 F.4th at 1299. Thus, even if Petitioner's argument was not barred by the waiver in the Plea Agreement, it would fail on the merits.

Finally, Dunn is serving two separate sentences of 120 months concurrently for Counts 1 and 20. This Petition only challenges her sentence under Count 1. Even if Defendant could prevail in her challenge as to Count 1 (and, to be clear, she cannot), her 120-month sentence as to Count 20 would remain intact.

## IV.   Conclusion

For the reasons discussed above, Dunn's Motion to Vacate, Set Aside, or Correct Sentence (Doc. # 2) is due to be denied. An order consistent with this memorandum opinion will be entered.

**DONE** and **ORDERED** this November 7, 2025.

_____
**R. DAVID PROCTOR**
CHIEF U.S. DISTRICT JUDGE